UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 22-38-DLB

ANTHONY THOMAS HARRELSON                                      PETITIONER

v.                          **MEMORANDUM ORDER**

BOP DIRECTOR                                                    RESPONDENT

*** *** *** ***

       Anthony Thomas Harrelson is a prisoner at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without a lawyer, Harrelson recently filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in which he claims that the Bureau of Prisons ("BOP") is improperly calculating his release date. (*See* Doc. # 1). This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Ultimately, the Court will deny Harrelson's Petition without prejudice because it is apparent from the face of his submission that he has not yet fully exhausted his administrative remedies, as required. *See Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006).

       Under the law, there is a multi-tiered administrative grievance process within the BOP. If a matter cannot be resolved informally via a so-called BP-8 Form, the prisoner must file a BP-9 Administrative Remedy Request Form with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a) and 542.18. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional

1

Director, who has 30 days to respond.  *See* 28 C.F.R. §§ 542.15 and 542.18.  If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond.  *See* 28 C.F.R. §§ 542.15 and 542.18.

Here, it is plainly apparent that Harrelson has not yet fully exhausted his administrative remedies.  In fact, Harrelson makes it clear he only started the exhaustion process very recently, on May 5, 2022 (just five days before he signed his Petition), when he requested the initial BP-8 Form from prison staff members.  (Doc. # 1 at 5).  And while Harrelson suggests that those staff members have not yet promptly provided him with a BP-8 Form, that does not mean he fully exhausted his administrative remedies, as he claims.  (*See id.*).  Rather, if the staff members do not timely respond to Harrelson's request for a BP-8 Form, then he could consider that a constructive denial of his request and proceed by filing an appeal with the Warden; then, if necessary, he can continue on with the remaining steps in the grievance process.  *See Wallace v. Bureau of Prisons*, No. 7:20-cv-00095-GFVT, at Doc. # 7, at 6-7 (E.D. Ky. Aug. 21, 2020) (making this point).  Since it is apparent that Harrelson has not yet initiated, let alone completed, the BP-9, BP-10, or BP-11 steps before filing his Petition with this Court, sua sponte dismissal is appropriate.  *See Kenney v. Ormond*, No. 17-5889 (6th Cir. May 7, 2018) (affirming this Court's decision denying a § 2241 petition for failure to exhaust).

Accordingly, it is **ORDERED** that:

(1)   Harrelson's current Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED** without prejudice.  This means that Harrelson may

file a new Petition regarding the matter raised once he has fully exhausted his administrative remedies;

    (2)    All pending motions are **DENIED** as moot;

    (3)    This action is **STRICKEN** from the Court's docket;

    (4)    A corresponding Judgment will be entered this date; and

    (5)    The Clerk's Office is directed to send a copy of this Order to the United States Attorney's Office for the Eastern District of Kentucky.  That office may be interested in working with the BOP to ensure that Harrelson has access to the appropriate administrative remedy request forms.

This 16th day of May, 2022.

Signed By:
*David L. Bunning*  DB
United States District Judge

K:\DATA\ORDERS\PSO Orders\0-22-38 Order re 2241.docx